IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    CV 05-191-MA
                                             CR 03-69-MA
        Plaintiff-Respondent,
                                             OPINION AND ORDER
    v.

REMIGIO BUSTILLO-CHAVEZ,

        Defendant-Petitioner.


KARIN J. IMMERGUT
United States Attorney
RYAN M. ARCHER
Special Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1000

        Attorneys for Plaintiff-Respondent

REMIGIO BUSTILLO-CHAVEZ
Fed. Reg. No. 66831-065
FCI - Sheridan
P.O. Box 5000
Sheridan, OR 95301

        Defendant-Petitioner Pro Se


1 - OPINION AND ORDER

MARSH, Judge.

The matters before the court are defendant's petitions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (#20) and Ex Parte Application to Dismiss Outstanding Citations, Warrrants, Informations, Charges, Complaints, & Fines or Detainers (#24), which the court deems to be a supplement to the petition to vacate. See, Order, April 13, 2005.  For the reasons that follow, the  petition is DENIED.

The court has jurisdiction of this petition for collateral review of petitioner's sentence under 28 U.S.C. § 2255.

On February 11, 2003, petitioner was indicted on one count of unlawfully reentering the United States and two counts of eluding examination and inspection by immigration officials following his deportation upon conviction of aggravated felonies for possession of marijuana for sale and grand theft person.

On June 17, 2003, petitioner voluntarily entered into a plea agreement with the government in which he agreed to plead guilty on the two counts of eluding examination in exchange for the government's agreement to dismiss the unlawful reentry count and recommend a sentence of 30 months imprisonment and one year term of supervised release.  As part of the plea agreement, petitioner agreed to waive his right to appeal his conviction and the length

of the sentence imposed by the court.

The court accepted the terms of the plea agreement and sentenced petitioner in accordance with its terms.

Petitioner now asserts his sentence is unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005) and United States v. Blakely, 124 S. Ct. 2531 (2004), because petitioner's sentence was enhanced by six months without any findings by a jury to support the enhancement and because his counsel was ineffective for failing to argue that the sentence enhancements were unconstitutional.

Defendant has not alleged any facts to support a finding that he did not voluntarily and knowingly enter into the plea agreement with the government.  A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made. United States v. Joyce, 357 F.3d 921, 922 (9th Cir. 2004); United States v. Martinez, 143 F.3d 1266, 1270-71 (9th Cir. 1998).

Based on this record, I find that defendant is barred by the terms of his plea agreement from pursuing this petition for collateral review of his conviction and sentence.  In any event, the Supreme Court's holding in Booker does not apply

retroactively to matters on collateral review.  <u>Booker</u>, 125 S.
Ct. at 769.  *See also* <u>Humphress v. United States</u>, 398 F.3d 855,
860 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479,
481 (7th Cir. 2005); <u>United States v. Price</u>, 400 F.3d 844, 845
(10th Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864, 868
(11th Cir. 2005); <u>Guzman v. U.S.</u>, 03-2446-PR, 2005 WL 803214 *2
(2nd Cir., Apr. 8, 2005).

I also find that petitioner's right to effective assistance
of counsel was not violated by the failure of his counsel in
June, 2003, to anticipate the change in previously settled law
announced in <u>Blakely</u> one year later.  <u>See</u> <u>Arcediano v. United
States</u>, CV 04-1107 (D. Or., Jan. 3, 2005)(J. Brown) ("[E]ffective
assistance of counsel may not be assessed in hindsight based on
factors unknown to counsel at the time of the proceeding nor is
counsel required to anticipate the substance and timing of future
changes in settled law.").  Opin. and Order, p. 7.

Accordingly, I find that defendant has not asserted
any lawful basis to have his sentence vacated, set aside, or
corrected.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

## CONCLUSION

For these reasons, defendant's petition to vacate, set aside, or correct sentence (#20) and Ex Parte Application to Dismiss Outstanding Citations, Warrants, Informations, Charges, Complaints, & Fines or Detainers (#24) are DENIED.

IT IS SO ORDERED.

DATED this 22 day of June, 2005.


 /s/  Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge